IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Christopher Joseph Woodroffe, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10cv1259 (AJT/TRJ) |
| | ) | |
| Gene Johnson, | ) | |
|    Respondent. | ) | |

MEMORANDUM OPINION

Christopher Joseph Woodroffe, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Richmond, Virginia of hit and run – property damage and operating a motor vehicle after having been declared a habitual offender. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Woodroffe was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply. For the reasons that follow, Woodroffe's claims must be dismissed.

I. Background

On April 10, 2008, Lieutenant Doug Barker of the Henrico County Division of Police was looking in the area of the American Family Fitness for a larceny suspect when he saw Woodroffe. See Cir. Ct. Tr., Sept. 25, 2008, at 14. Barker was close to Woodroffe when Woodroffe got into a vehicle. Id. at 20. Woodroffe drove around the parking lot, parked in front of Ukrop's, briefly went into Ukrop's, then came out and got back into the vehicle. Barker ran the vehicle's license plate and saw that, although the plate showed an expiration date of 2008, the

DMV tracked it as a 2007 expired tag. Barker therefore intended to stop the vehicle. Id. at 14-15.

The vehicle entered interstate 95 southbound and drove away even though Barker had activated the lights of his unmarked police vehicle. Id. Barker followed the vehicle at speeds between 60 and 90 miles per hour onto interstate 195 southbound, then off the Hamilton Street exit. Barker followed the vehicle around roadways in Richmond until it appeared to be stopping at a traffic light, at which point Barker prepared to exit his own car. The vehicle he was pursuing then struck a four-door Buick at a traffic light, pushed the Buick out of the way and continued. Barker pursued the vehicle around more roadways in Richmond until he eventually lost sight of the vehicle. Id. at 15-17. The back quarter panel of the Buick that had been hit was damaged, and the two occupants of the Buick complained of back pain. Id. at 24, 30.

On February 25, 2009, Woodroffe was found guilty after a bench trial in the Circuit Court for the City of Richmond, Virginia of hit and run – property damage and operating a motor vehicle after having been declared a habitual offender.[1] Commonwealth v. Woodroffe, Case Nos. CR08F04195-00, CR08F04196-00. The court sentenced him to five years of incarceration with three years suspended for the hit and run, and five years of incarceration with four years suspended for driving while a habitual offender. Woodroffe pursued a direct appeal to the Court of Appeals of Virginia, claiming that the evidence was insufficient to support his convictions and the trial court abused its discretion at sentencing. The Court of Appeals denied the petition for appeal on September 15, 2009. Woodroffe v. Commonwealth, R. No. 0559-09-2 (Va. Ct. App. Sept. 15, 2009). On February 17, 2010, the Supreme Court of Virginia refused Woodroffe's petition for appeal. Woodroffe v. Commonwealth, R. No. 092067 (Va. Feb. 17, 2010).

---

[1] During the trial testimony of the first witness, the Commonwealth was permitted to amend the date on the indictment from February 10, 2008 to April 10, 2008. See Cir. Ct. Tr., Sept. 25, 2008, at 12-13.

Woodroffe then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, claiming that

(1) He received ineffective assistance of counsel when his attorney failed (a) to consult with Woodroffe and investigate the case, (b) to challenge the testimony of L.T. Barker, and (c) to subpoena key witnesses.

(2) His rights were violated when the prosecutors failed to turn over all evidence used against Woodroffe at trial in a timely manner.

The court refused the petition on September 2, 2010. Woodroffe v. Director, Dep't Corr., R. No. 100458.

On November 1, 2010, Woodroffe filed the instant federal habeas petition,[2] claiming that he received ineffective assistance of counsel when his attorney failed (1) to perform adequate factual and legal investigations by consulting with Woodroffe, (2) to request a continuance at trial, and (3) to subpoena witnesses.

## II. Exhaustion

In claim (2), Woodroffe argues that his attorney provided ineffective assistance by failing to request a continuance at trial when the Commonwealth was permitted to amend the date of the offense from February 10, 2008 to April 10, 2008 during the testimony of the first witness. Woodroffe did not raise this claim during his direct appeal or in his state petition for habeas corpus relief. In the Brief in Support of the Motion to Dismiss, respondent noted that Woodroffe had not pursued this claim in the state court proceedings as required and recognized that petitioner would now be precluded from bringing these claims in state court because they would be procedurally defaulted as barred by the prohibition against successive state habeas petitions.

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In the petition, petitioner avers that he placed the petition in the prison mailing system on November 1, 2010. The petition was received on November 2, 2010.

See Virginia Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."). Because this claim is therefore simultaneously exhausted and defaulted for the purposes of federal habeas review, see Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), a federal court is not permitted to review this claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. See Harris v. Reed, 489 U.S. 255, 260 (1989). Woodroffe was given an opportunity to respond to respondent's arguments in his reply to the Motion to Dismiss.

In the reply, Woodroffe stresses that his attorney could not have possibly conducted a proper investigation before trial because any investigation he had done would have focused on the date February 10, 2008, rather than the amended date April 10, 2008.[3] He argues that his attorney should have asked for a continuance to conduct a proper investigation focusing on the corrected date, but he does not provide any argument as to why he did not present this claim to the Supreme Court of Virginia in his state habeas petition. He asks for an evidentiary hearing. See Reply at 8, ECF No. 14.

Woodroffe has not provided any arguments that explain his failure to raise this claim in the state habeas proceedings. Woodroffe has therefore failed to exhaust this claim and has not demonstrated cause and prejudice for this default or demonstrated that dismissing this claim would result in a fundamental miscarriage of justice. Accordingly, his request for an evidentiary hearing will be denied and the claim will be dismissed. Woodroffe has exhausted his remaining claims of ineffective assistance as required under 28 U.S.C. § 2254, so they will be reviewed on the merits.

---

[3] At trial, the judge informed Woodroffe's attorney that he was entitled to a continuance if the amendment to the indictment was prejudicial. Woodroffe's attorney stated "I can't honestly say to the Court that it would be prejudicial." See Cir. Ct. Tr., Sept. 25, 2008, at 12-13.

4

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

Woodroffe argues counsel provided ineffective assistance by failing to perform an adequate investigation and failing to subpoena witnesses. The Supreme Court of Virginia rejected these claims on the merits as failing to satisfy the standard for ineffective assistance

articulated in Strickland v. Washington, 466 U.S. 668 (1984). Woodroffe v. Director, Dep't Corr., R. No. 100458. In reviewing the state court's decision, Woodroffe fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and

distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When evaluating Woodroffe's claims of ineffective assistance, the Supreme Court of Virginia relied on the Strickland standard. Therefore, Woodroffe has failed to demonstrate that its decisions were contrary to clearly established federal law. See Williams, 529 U.S. at 413. The Supreme Court of Virginia also reasonably applied this standard to the facts of Woodroffe's case. Specifically, the Supreme Court of Virginia held that Woodroffe's claim of ineffective assistance in which he alleged that his attorney failed to consult with Woodroffe and investigate the case

> ...satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript and affidavit of counsel, demonstrates that petitioner represented to the court that he was satisfied with the services of his attorney, had enough time to discuss the case with his attorney, understood the charges against him, had no witnesses to testify on his behalf and was ready for trial. Counsel also affirmed that he was ready for trial. Petitioner fails to identify any act or omission by counsel resulting from counsel's alleged failure to prepare. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Woodroffe v. Director, Dep't Corr., R. No. 100458 (Va. Sept. 2, 2010). The Supreme Court of Virginia also held that Woodroffe's claim of ineffective assistance alleging his attorney failed to subpoena key witnesses

> ...satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner did not proffer affidavits from these witnesses to verify what their testimony would have been. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonably probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

7

Woodroffe v. Director, Dep't Corr., R. No. 100458 (Va. Sept. 2, 2010). This reasoning demonstrates that the Supreme Court of Virginia reasonably applied the Strickland standard to the facts of Woodroffe's case.

Woodroffe has not provided clear and convincing evidence to rebut the presumption that the state court's factual findings are sound, so he has also failed to demonstrate that the decision was based on an unreasonable determination of the facts. See Miller-El v. Dretke, 545 U.S. at 240. Therefore, Woodroffe has failed to demonstrate that the Supreme Court of Virginia's decisions were either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts, and the claims will be dismissed.

### V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 28th day of July 2011.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge